IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER W. GUTHRIE, #249 236, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:14-CV-716-WKW ) [WO] |
| ALABAMA BOARD OF PARDONS AND PAROLES, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Christopher Guthrie, is a state inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama. He files this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and/or actions of the named defendants regarding matters associated with his ineligibility for parole. Plaintiff names as defendants the Alabama Board of Pardons and Paroles ["ABPP"], Cynthia Dillard, Executive Director of the ABPP, Eddie Cook, Jr., Assistant Executive Director of the ABPP, Sandra Cochran, Executive Assistant for the ABPP, Billy Wynne, Chairman of the ABPP, and Robert Longshore and Cliff Walker, members of the ABPP. For relief, Plaintiff requests Ala. Code § 15-22-27.3 be declared unconstitutional, he be placed on the parole docket for a parole date, Defendants be permanently enjoined from barring Plaintiff from parole eligibility, he be considered for parole within a reasonable period of time, costs, and any additional relief

the court deems just, proper, and equitable.  Plaintiff also demands trial by jury.  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  THE COMPLAINT

Plaintiff is incarcerated on his convictions for sexual abuse of a child under twelve and sodomy in the first degree. On December 30, 2010, the Circuit Court for Tallapoosa County, Alabama, sentenced Plaintiff to twenty-five years on the sexual abuse conviction and thirty-five years on the sodomy conviction.  Following his entry in March 2011 to the custody of the Alabama Department of Corrections, Plaintiff maintains he first learned of his ineligibility for parole from prison classification personnel.  He asserts he was not informed at trial nor during sentencing that he would be ineligible for parole. *Doc. No. 1* at 7-8.

In the complaint, Plaintiff challenges application of Ala. Code § 15-22-27.3 (1975) (as amended), the statute which bars him from parole eligibility, claiming it is unconstitutional and the ABPP applied it to him arbitrarily and capriciously where he was not advised by the trial court, the prosecutor, nor his attorney that his convictions made him ineligible for parole.  Plaintiff maintains the ABPP's conduct has subjected him to cruel and unusual punishment and  a violation of the *Ex Post Facto* Clause and violated his right to due

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

process and equal protection.

## II.  DISCUSSION

*A. The Alabama Board of Pardons and Paroles*

The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Board of Pardons and Paroles are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The Statute of Limitations*

Plaintiff indicates the violations about which he complains occurred in March 2011. Regarding any claims Plaintiff seeks to bring and which occurred prior to July 25, 2012, the court finds such claims occurred outside the applicable two-year period of limitations.[2]

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47, 85 L. Ed. 2d 254 (1985). [Plaintiff's] claim was brought

---

[2] Although the present complaint was stamped "filed" in this court on July 30, 2014, the complaint was signed by Plaintiff on July 25, 2014. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Guthrie] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers July 25, 2014, as the date of filing.

> in Alabama where the governing limitations period is two years.  Ala. Code §
> 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en
> banc).  Therefore, in order to have his claim heard, [Plaintiff is] required to
> bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  Consequently, any alleged unconstitutional conduct and/or proceedings regarding the matters challenged in the complaint and which occurred prior to July 25, 2012, are barred by the limitations period and, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*C. The Parole Claims*

Plaintiff challenges his ineligibility for parole under Ala. Code § 15-22-27.3 claiming the statute is unconstitutional and its application to him violates his constitutional rights. He seeks a permanent injunction prohibiting Defendants from deeming him ineligible for parole and an order that they consider him for parole within a reasonable time. *Doc. No. 1* at 2-9.

A review of Plaintiff's contentions reflect they are mostly generalized and conclusory allegations that fail to assert those material facts necessary to establish a viable claim against Defendants.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  That is, Plaintiff's complaint identifies no facts that allow the court to make any plausible inference that any conduct he attributes to the named defendants amounts to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 555 (2007) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice."); *see also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). Because *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the court addresses Plaintiff's arguments.

Initially, the court notes that to the extent Plaintiff's contention that a statute barring him from parole eligibility reflects an assumption he has a protected liberty interest in being considered for parole, the law is settled that the mere existence of a parole system creates no interest protected by the Due Process Clause. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. at 7. A liberty interest protected by the Fourteenth Amendment must amount to "more than an abstract need or desire . . . or unilateral expectation." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). "Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). "[T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Ala. Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

*i. The Facial Challenge*

To the extent Plaintiff challenges Ala. Code § 15-22-26 and Ala. Code § 15-20A-48(a) as being unconstitutionally vague, he is entitled to no relief. Under Ala. Code § 15-22-27.3,

> [a]ny person convicted of a criminal sex offense involving a child as defined in subdivision (5) of Section 15-20-21 which constitutes a Class A or B felony shall not be eligible for parole.

Ala. Code § 15-20A-48(a) provides as follows:

> (a) For the purposes of Sections 13A-5-2, 13A-5-6, 14-9-41, 15-18-8, 15-22-27.3, or any other section of the Code of Alabama 1975, a criminal sex offense involving a child shall mean a conviction for any sex offense in which the victim was a child under the age of 12 or any offense involving child pornography.

The statutes challenged by Plaintiff do not address constitutional freedoms or identify unlawful conduct. Upon application of the void-for-vagueness doctrine, the court concludes that the challenged code sections are not unconstitutionally vague. "A rule that does not reach constitutionally protected conduct is void for vagueness only if it is impermissibly vague in all its applications. *[Village of] Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). The test is whether the enactment is substantially incomprehensible. *Exxon Corp. v. Busbee*, 644 F.2d 1030, 1033 (5th Cir. May 1981), *cert. den.*, *Exxon Corp. v. Georgia Assn. of Petroleum Retailers*, 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981)." *Woodruff v. United States Dep't of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 643, *rehearing denied*, 961 F.2d 224 (11th Cir.

1992). The statutes at issue are substantially comprehensible regarding establishing the parole eligibility for inmates convicted of sex offenses involving a child and establishing the definition of who constitutes a child. The statutes are not penal in nature but are designed instead to give the ABPP guidance in determining which offenders may be considered for parole. The provisions in Ala. Code §§ 15-22-27.3 and 15-20A-48(a) "provide explicit standards for those who apply them" and "give the person of ordinary intelligence a reasonable opportunity to know what is [required]." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). There is nothing unconstitutionally vague about the statutes.

  *ii. The Challenge to Plaintiff's Conviction*

  Plaintiff argues the ABPP applied Ala. Code § 15-22-27.3 to him arbitrarily and capriciously because he was not informed at trial he would be barred from parole. To the extent Plaintiff seeks to challenge the validity of his convictions and sentence because he was not informed prior to or during trial that he would be barred from parole eligibility, he is prohibited from doing so under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement

and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id.* at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

There is no indication nor allegation by Plaintiff that the convictions about which he complains have been invalidated in an appropriate proceeding. Consequently, any attempt to collaterally challenge the convictions in question is prohibited as habeas corpus is the

exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

  *iii. The Ex Post Facto Claim*

Plaintiff claims application of Ala. Code § 15-22-27.3 should be prospective only because its retroactive application to his convictions is violative of the *Ex Post Facto* Clause. Article I, § 9 of the Constitution prohibits the States from passing any laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). The *Ex Post Facto* Clause "applies only to penal statutes which disadvantage the offender affected by them." *Id*. at 41. Thus, "enactments which, by retroactive operation, increase the punishment for a crime after its commission," are barred by the *Ex Post Facto* Clause. *Garner v. Jones*, 529 U.S. 244, 249 (2000). An amended law or regulation must create a significant risk of increasing the punishment imposed upon an inmate for the amendment to run afoul of this constitutional provision. *Id*. at 255; *see California Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995); *Collins*, 497 U.S. at 49-50.

Ala. Code § 15-22-27.3 was added pursuant to Act 2005-301, 1st Sp. Sess., p. 571, § 2, and became effective October 1, 2005, well before Plaintiff was convicted and sentenced for his sexual offense convictions in 2010/2011. Plaintiff's allegations fail to state

9

an *ex post facto* claim because the statute does not have retroactive effect. Plaintiff's sexual offense convictions were in 2010. The 2005 statute was in effect prior to these convictions. Because the convictions at issue for the *ex post facto* analysis are the 2010 convictions which occurred after the statute was enacted, Plaintiff fails to state a viable *ex post facto* claim and such claim is, therefore, subject to dismissal.

### iv. The Cruel and Unusual Punishment Claim

Plaintiff claims his ineligibility for parole under Ala. Code § 15-22-27.3 because of his offenses constitutes cruel and unusual punishment and forecloses any hope he had "of leaving the prison system." Although ineligible for parole, Plaintiff has only ever been subjected to a single "punishment," namely, the judicial imposition of his sentence of imprisonment for his sexual offense convictions. "The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id*. "[T]he Eighth Amendment contains a narrow proportionality principle that does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Id*. at 59-60 (citation omitted) (internal quotation marks omitted).

The fact that Plaintiff's convictions for his sexual offense convictions against a child makes him ineligible for parole raises no inference of gross disproportionality sufficient to

state an Eighth Amendment claim. *See, e.g.*, *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir.1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses). Further, Plaintiff has failed to identify a punitive purpose to Ala. Code § 15-22-27.3, and has not alleged how its application to him amounts to punishment greater than his current term of imprisonment. Plaintiff's continued incarceration under the terms of the sentence imposed on him by the Circuit Court for Tallapoosa County and his ineligibility for release on parole therefrom does not violate the Eight Amendment and, therefore, is subject to dismissal.

*v. The Due Process Claim*

Plaintiff seeks to challenge application of Ala. Code § 15-22-27.3 to his convictions under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Ky. Dep't of Corr.*, 490 U.S. at 459-60. A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). As explained, the United States Constitution does not, of its own force, create a

protected liberty interest in parole, and Alabama's parole scheme is discretionary and, therefore, does not create for Alabama prisoners a protected liberty interest in parole. *Thomas*, 691 F.2d at 489 ("When the statute is framed in discretionary terms there is not a liberty interest created."). Plaintiff's challenge to application of the statute which bars him from parole eligibility fails to allege a denial of due process.

### vi. The Equal Protection Claim

Plaintiff asserts in conclusory fashion that the conduct of Defendants violates his right to equal protection. While Plaintiff offers no specific facts in support of this claim, to the extent his equal protection challenge concerns differential treatment in parole eligibility for inmate child sex offenders convicted prior to October 1, 2005, and those inmates convicted of similar offenses on or after October 1, 2005, he is entitled to no relief.

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The Equal Protection Clause directs that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminated against a petitioner based on membership in a protected class, *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001), or when a respondent intentionally treated a member

of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

To the extent Plaintiff's complaint accurately reflects ABPP's compliance with state law regarding an inmate's eligibility for parole, that law neither burdens Plaintiff's fundamental rights nor targets a suspect class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *United States v. King*, 62 F.3d 891, 895 (7th Cir.1995) (prisoners); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes); *Greenholtz*, 442 U.S. at 7 (no fundamental right to parole). Accordingly, the court examines the differential treatment for parole eligibility of inmates convicted of sex offenses involving a child convicted before enactment of Ala. Code § 15-22-27.3 and those offenders convicted on or after the statute's enactment on October 1, 2005, under the rational basis test. The standard is of a rational relationship to governmental purpose. *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981).

> Rational basis review in equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313, 113 S. Ct. 2096, 2100-01, 124 L.Ed.2d 211 (1993); *see also Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). Nor does it authorize "the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S. Ct. 2513, 2517, 49 L. Ed. 2d 511 (1976). Policy determinations "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." .... [T]he policy determination "must be upheld against equal protection challenge if there is

> any reasonably conceivable state of facts that could provide a rational basis for the classification." *Beach Commc'ns*, 508 U.S. at 313, 113 S. Ct. at 2101. For these reasons the [statute] is accorded a strong presumption of validity.

*Houston v. Williams*, 547 F.3d 1357, 1363 (11th Cir. 2008).

The current parole statute regarding the ineligibility of parole to Alabama inmates convicted of sex offenses involving a child convicted on or after October 1, 2005, is rationally related to the state's interest in protecting the public at large and children in particular. It can hardly be said that the Alabama legislature lacked a rational basis for barring inmate child sex offenders from parole eligibility. *See Smith v. Doe*, 538 U.S. 84, 103-04 (2003) (quoting National Institute of Justice, R. Prentky, R. Knight, & A. Lee, U.S. Dept. of Justice, Child Sexual Molestation: Research Issues 14 (1997)) ("[A] conviction for a sex offense provides evidence of substantial risk of recidivism . . . 'Contrary to conventional wisdom, most reoffenses do not occur within the first several years after release,' but may occur 'as late as 20 years following release.'"); *Heller v. Doe*, 509 U.S. 312, 320 (1993) (citations omitted) (internal quotations marks omitted) ("A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality."); *United States v. Payne*, 181 F.3d 781, 785-86 (6th Cir.1999) ("A state's rules governing the terms of parole may infringe on constitutionally protected liberties as long as the rules are reasonably related to the purposes of parole."); *Grenemyer v. Gunter*, 770 F. Supp. 1432, 1438 (D. Colo. 1991) (holding that discretion given to parole board by legislature was rationally related to a legitimate governmental

purpose because "[u]nlike other prisoners, obedient behavior in a prison does not indicate that the sex offender has truly reformed. Sex offenders are not placed in circumstances which show that they have [been] rehabilitated."); *see also United States v. Speed*, 656 F.3d 714, 720 (7th Cir. 2011) (citation omitted) (disparity of treatment among inmates based on the date of imposition of sentence occurring due to an intervening change in the law regarding available sentences "is plainly rational, as 'discrepancies among prisoners who committed similar crimes are inescapable whenever [the legislature] raises or lowers the penalties for an offense.'"); *Foster v. Wash. State Bd. of Prison Terms and Paroles*, 878 F.2d 1233, 1235 (9th Cir.1989) ("Improvement in sentencing is rational governmental purpose. *Mistretta v. United States*, 488 U.S. 361, 109 S. Ct. 647, 102 L. Ed. 2d 714 (1989)."). Because Ala. Code § 15-22-27.3 bears a rational relation to a legitimate government purpose, it does not violate Plaintiff's right to equal protection under the law, and his claim on this ground is due to be dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and/or (iii);

2. Plaintiff's challenge to the constitutionality of the convictions and sentence imposed upon him by the Circuit Court for Tallapoosa County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before

the court at this time

    3.    This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 15, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of October, 2014.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE